UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,

                                                      Case No. 06-20136
-vs-                                                 Hon. Avern Cohn

KIRK LANAM,

    Defendant.

_____/


## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

### I. Introduction

This is a criminal case. Following a jury trial, Defendant Kirk Lanam ("Lanam") was convicted of three counts of unauthorized computer intrusion in violation of 18 U.S.C. § 1030(a)(5)(A)(i) and sentenced to 21 months imprisonment. Lanam now moves for relief pursuant to 28 U.S.C. § 2255, the federal habeas corpus statute. He claims that he was deprived of the effective assistance of counsel during plea negotiations and at trial and says that, as a result, the court should either grant him a new trial or enter an order for specific performance of an earlier plea offer. He also suggests that the evidence adduced at trial was not sufficient to sustain the convictions and that the indictment was multiplicitous. The court held an evidentiary hearing on June 23, 2008. For the reasons discussed below, Lanam's claims lack merit and his motion for relief will be denied.

## II. Background

In March 2006, Lanam was indicted on six counts of unauthorized computer intrusion in violation of 18 U.S.C. § 1030(a)(5)(A)(i).[1] The government later voluntarily dismissed three of the six counts. The remaining three counts asserted that Lanam: (1) accessed the computer system of Total Mortgage Corporation ("Total") without authorization and entered "ping flood"[2] commands that rendered Total's telephone system inoperative; (2) accessed Total's computer system without authorization and disabled the "firewall,"[3] thereby rendering the system vulnerable to subsequent attacks via the Internet; and (3) accessed the computer system of Air Source One, Inc. without authorization in order to gain access to Total's computer system.

Following a trial, a jury returned a guilty verdict against Lanam on all three counts in November 2006.

New counsel was appointed for Lanam prior to sentencing. He was sentenced to 21 months imprisonment in November 2007.

---

[1] 18 U.S.C. § 1030(a) provides in relevant part: "Whoever...(5)(A)(i) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer...and (B) by conduct described in clause (i), (ii), or (iii) of subparagraph (A), caused...(i) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value...shall be punished as provided in subsection (c) of this section."

[2] A "ping flood" sends repetitive commands to a computer so many times that the system is overwhelmed and cannot function normally.

[3] A "firewall" is a device that monitors traffic between computer networks and permits or denies access to a network based on a set of security rules.

At sentencing, Lanam objected to the restitution figures calculated in the Presentence Report. He also sought leave to file a delayed motion for a new trial, which the court denied. Lanam thereafter filed his motion for relief under § 2255.

### III. Analysis

28 U.S.C. § 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail under § 2255, Lanam must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979).

### A. Lanam is "A Prisoner In Custody" for Purposes of § 2255

The government argues that Lanam is not eligible for relief under § 2255 because he is not "a prisoner in custody." The government points out that although the court has imposed a sentence, Lanam has not yet begun to serve his term of imprisonment. Contrary to the government's position, the precedent surrounding § 2255 makes clear that the phrase "a prisoner in custody" should be interpreted broadly. "As the law now stands, any person who, as a result of action by a state or federal criminal court, is subject to restraints not shared by the public generally – any person who cannot come and go as she pleases – meets the status jurisdictional requirement in the habeas corpus statute." RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS

CORPUS PRACTICE AND PROCEDURE § 8.2 (5th ed. 2006) (citations and internal quotation marks omitted); see Hensley v. Mun. Ct., 411 U.S. 345, 351 (1973) (holding that convicted defendant released on his own recognizance was "in custody" within the meaning of the federal habeas corpus statute). As a result of his conviction, Lanam faces restraints on his liberty equivalent to those found sufficient to satisfy the "in custody" requirement in Hensley. Lanam is therefore entitled to seek relief under § 2255.

## B. Neither The Statute Nor The Indictment Requires That The Loss Element Of 18 U.S.C. § 1030(a)(5)(B)(i) Be Calculated With Respect Only To The Conduct Charged In A Particular Count

Lanam initially argued in his § 2255 motion that the evidence adduced at trial was not sufficient to support the statutory loss element of $5,000 for any of the three counts on which he was convicted. However, the statute requires only that the offending conduct cause a

> loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value.

18 U.S.C. § 1030(a)(5)(B)(i). That is, the statute does not require a $5,000 loss stemming only from the conduct underlying each individual count of unauthorized intrusion. Rather, the statute requires only a total loss of $5,000, which may be aggregated based on the conduct charged and any related course of conduct during a one-year period.[4]

---

[4] During its deliberations, the jury posed a question to the court concerning the loss element. The jury's note read: "Is there any significance to the over $5,000

4

Lanam now concedes that the government is correct that the *statute* requires only that the *aggregate* loss stemming from his course of conduct total at least $5,000. However, he argues that the *indictment* was drafted in such a way that the government was required to prove a $5,000 loss stemming from each particular count. Count One of the indictment charged:

> On or about March 1, 2005 in the Eastern District of Michigan and elsewhere, Kirk Lanam, defendant herein, did knowingly cause the transmission of a computer command, and as a result of such conduct, intentionally caused damage without authorization, to a protected computer, by accessing the computer system of Total Mortgage Corporation, which computer was used in interstate commerce, and entering commands that rendered Total Mortgage's telephone system inoperative that caused costs to be incurred by Total Mortgage Corporation of over $5,000, all in violation of Title 18, United States Code, [Section] 1030(a)(5)(A)(i).

The other counts are phrased in an essentially identical manner. The indictment is vague in that it does not explicitly state that the $5,000 loss may be aggregated from a related course of conduct. However, Lanam cites no law to support his contention that

---

damage? If Count 1 damage is under $5,000, can he be found guilty? Do we have to do the mathematics even though the defense did not spell it out and on the other counts?" Without objection from either the government or the defendant, the court offered this response: "If you listen to the instructions, you will hear me say that damages over $5,000 are an element of the offense. So to find him guilty of a count, you must also unanimously find more than $5,000 in damage, as described in the count, was a consequence." The court's answer appears implicitly to say that the $5,000 statutory loss element must be proved with respect to the conduct charged in each individual count; as noted, this is incorrect. The court thus appears to have given an instruction that was erroneous, or at least vague, and that was unduly favorable to Lanam. However, it should also be noted that the final jury instructions correctly stated that the government was required to prove only that "the defendant's transmission resulted in loss to one or more persons totaling at least $5,000 in value *at any time during a one-year period beginning March 1, 2005 and ending March 1, 2006.*" (Emphasis added.)

the sort of inartful drafting evident in this indictment may work to redefine the statutory elements of a crime.

There is no suggestion that the indictment failed to charge an essential element of the crime or to provide Lanam with fair notice of the charges against him. "It is, of course, settled law that in order for an indictment to be valid it must allege all of the elements which are necessary to constitute a violation of the statute. But it is not necessary that the indictment follow the exact wording of the statute." Rudin v. United States, 254 F.2d 45, 48 (6th Cir. 1958). Moreover, an indictment is to be construed liberally when challenged for the first time after a verdict. United States v. Chisum, 502 F.3d 1237, 1244 (10th Cir. 2007); United States v. Vitillo, 490 F.3d 314, 324 (3d Cir. 2007); United States v. Perry, 438 F.3d 642, 652 (6th Cir. 2006). For these reasons, neither the statute nor the indictment requires that the $5,000 loss element be calculated only with respect to the conduct charged in a particular count of the indictment. The losses may be aggregated based on the charged conduct and any related course of conduct during a one-year period.

### C. The Indictment Is Not Multiplicitous

Lanam goes on to argue that if the loss element may be aggregated based on the conduct charged and any related course of conduct within a one-year period, then the indictment is multiplicitous and violates the Double Jeopardy Clause of the Fifth Amendment. The Fifth Amendment rule against multiplicity is properly invoked where a single illegal act is charged under more than one count, such that the defendant may be punished twice for the same crime. See Witte v. United States, 515 U.S. 389, 391 (1995). Lanam's argument on this point is meritless because, although the losses from

6

his course of conduct may be aggregated, each count of the indictment charged Lanam with committing a separate and discrete act of unauthorized intrusion.

### D. Lanam Procedurally Defaulted On His Claim That There Is Insufficient Evidence to Support His Convictions

Lanam claims that there is not sufficient evidence to support his convictions. He did not raise this argument on direct appeal and has failed to show that some objective factor impeded his ability to do so. His claim is therefore procedurally defaulted and cannot be raised on collateral review. See United States v. Frady, 456 U.S. 152, 170 (1982); Awon v. United States, 308 F.3d 133, 142 (1st Cir. 2002).

### E. Ineffective Assistance

Lanam next points out that his trial counsel incorrectly believed throughout the proceedings that the $5,000 statutory loss element applied to each individual count of unauthorized intrusion and could not be aggregated. Counsel advised Lanam accordingly. In his papers, Lanam says that he took his trial counsel's advice into account in deciding to reject the government's offer to dismiss the felony charges in exchange for his pleading guilty to a misdemeanor. Because of this error on the part of his trial counsel, Lanam says that he was deprived of the effective assistance of counsel during the plea negotiation stage of the litigation. Lanam further says that his counsel was ineffective in failing sufficiently to develop the loss element as a defense at trial.

#### 1. Legal Standard

Defendants have a constitutional right to effective assistance of counsel during plea negotiations as well as trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). An ineffective assistance claim is evaluated under a two-part test which requires a

7

defendant to show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is "a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hill, 474 U.S. at 57 ("Although our decision in Strickland...dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding...the same two-part standard seems to us applicable to ineffective assistance claims arising out of the plea process.").

As regards the performance prong, counsel is "strongly presumed" to have "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Accordingly, a prisoner pressing an ineffective assistance claim faces "a heavy burden of proof." Whiting v. Burt, 395 F.3d 602, 617 (6th Cir. 2005). To prevail, Lanam must demonstrate that his trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

In order to satisfy the prejudice requirement, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. At the plea stage, this means that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would...have pleaded guilty and would [not] have insisted on going to trial." Hill, 474 U.S. at 59 (1985); see also Vinson v. McLemore, 226 Fed. Appx. 582, 584 (6th Cir. 2007). Courts have generally held that "a defendant's self-serving statement – after trial, conviction, and sentence – that with competent advice he or she

8

would have accepted a proffered plea bargain, is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice." Alvernaz v. Ratelle, 831 F. Supp. 790, 793 (S.D. Cal. 1993) (quoting In re Alvernaz, 830 P.2d 747, 756 (Cal. 1992)); see also Yarbrough v. United States, No. 94-1380, 1995 WL 149143, at *2 (6th Cir. Apr. 4, 1995); Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991).

### 2. Lanam Has Not Demonstrated Prejudice During the Plea Negotiation Stage

Even assuming *arguendo* that the performance of his trial counsel during the plea stage fell below minimum constitutional standards, Lanam's ineffective assistance claim fails because he has not demonstrated a reasonable probability that, but for his counsel's errors, he would have entered a guilty plea rather than proceeding to trial. As noted above, in order to satisfy the prejudice prong Lanam must do more than make a self-serving *post hoc* statement that he would have accepted a plea deal if advised competently; he must proffer at least some objective evidence that tends to support this proposition. The record is devoid of any such evidence.

At the evidentiary hearing, Lanam's trial counsel testified that Lanam declined to accept a plea because he insisted that he did not commit the acts described in the indictment. That is, Lanam maintained that he was innocent of the crimes charged regardless of the statutory loss element. (Lanam himself did not testify at the evidentiary hearing.)

The trial transcripts show that the statutory loss element was not critical to Lanam's defense. Rather, Lanam continued to maintain that he was not guilty because he did not commit the acts charged. Lanam's counsel raised the alternative defense that the losses did not amount to $5,000 for any single count of intrusion, but only in a

9

limited fashion. In his closing argument, Lanam's trial counsel briefly raised the issue, but did not specifically discuss any of the evidence pertaining to loss. This tends to suggest that Lanam and his trial counsel believed that the loss defense was of limited importance, and counsel's incorrect advice as to this defense was not critical to Lanam's decision to reject the plea offer.

### 3. Lanam's Counsel Was Not Ineffective At Trial

Finally, Lanam says that his trial counsel was ineffective due to his failure to present evidence and argument at trial in support of the alternate theory of defense, i.e. that the evidence did not establish the loss element beyond a reasonable doubt. However, Lanam has failed to carry the "heavy burden" of showing that his counsel's decisions as to trial strategy were not an exercise of reasonable professional judgment.

Prior to trial, Lanam's counsel retained an expert in the area of computer networks. The expert was retained at least in part to assess the validity of the prosecution's evidence as to damages. Ultimately, the defense opted not to call the expert to testify at trial and to pursue a theory of third party culpability as the primary defense. The lack of proof as to the loss element was an ancillary defense. At trial, defense counsel cross-examined prosecution witnesses Timothy Goslin, the owner of Total, and Paul Staples, an employee of Air Source One, as to the damages element. Defense counsel also briefly raised the loss issue during his closing argument.

The decision to focus on third party culpability and to present only limited evidence and argument on loss is the sort of trial strategy that may not be second-guessed on collateral review. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's

10

assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689. Indeed, Strickland announced that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690. Defense counsel's retention of an expert and cross-examination make clear that he did not utterly fail to consider a loss defense; rather, he calculated that a focus on the third party culpability defense was more likely to produce an acquittal. This is the sort of reasoned decision that courts have found meets the minimum standards imposed by the Sixth Amendment. See, e.g., United States v. Dillard, 78 Fed. Appx. 505, 515-17 (6th Cir. 2003) (counsel in a drug distribution case was not ineffective for failing to present a "personal use" defense where counsel could plausibly have believed that the defense was unlikely to succeed); Lewis v. Alexander, 11 F.3d 1349, 1353-54 (counsel in murder case was not ineffective in declining to pursue the defense that victim's death was caused by medical maltreatment where counsel relied on expert medical opinion that the defense lacked merit and did not want graphic, potentially inflammatory medical evidence to be presented to jury).

## IV. Conclusion

For all the reasons stated above, Lanam's motion for relief from his convictions pursuant to 28 U.S.C. § 2255 lacks merit. The motion is DENIED.

SO ORDERED.

      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: July 10, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 10, 2008, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160