UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

    Case No. 06-20136
    HON. AVERN COHN

KIRK LANAM,

    Defendant.

_____/

**MEMORANDUM AND ORDER
DENYING DEFENDANT'S MOTION FOR RELIEF
PURSUANT TO 28 U.S.C. § 2255 (ON REMAND)**

I. Introduction

This is a criminal case. It is on remand from the Court of Appeals for the Sixth Circuit following defendant's appeal from the denial of his motion under 28 U.S.C. § 2255. As will be explained, the Court on remand was, in broad terms, to consider whether defendant's trial counsel was ineffective and to afford defendant an opportunity to testify in this regard. For the reasons that follow, the § 2255 motion (on remand) will be denied.

II. Background

Defendant was convicted by a jury of three counts of computer intrusion, in violation of 18 U.S.C. § 1030(a)(5)(A)(i). Following his conviction, but prior to sentencing, defendant obtained new counsel. On November 15, 2007, defendant was sentenced to a custody sentence of 21 months imprisonment. As part of his sentence, defendant was ordered to make restitution in the amount of $22,794.12 as follows:

   T. Goslin   $13,491.75
   Air Source One $ 8,488.07
   Keller Williams $  814.30

Defendant did not file a direct appeal.  Rather, following entry of the judgment, (Doc. 33), defendant filed a motion under § 2255 essentially claiming ineffective assistance of trial counsel.  Defendant also requested a hearing on the restitution calculation.  (Doc. 35).  At the hearing on the motion, the Court did not allow defendant to testify because he did not testify at trial.  This was a mistake, as will be described.

The Court denied the motion (Doc. 55); the Court did not deal with the restitution calculation at the hearing.  Defendant appealed the denial.  (Doc. 56).  In his motion for certificate of appealability and accompanying brief, (Doc. 63), defendant did not raise the issue of the restitution calculation.  The Court granted a certificate of appealability on two (2) issues: (1) whether the Court erred in ruling that defendant could not testify at the evidentiary hearing conducted on his claim of ineffective assistance of counsel; and (2) whether defendant was denied the effective assistance of counsel during plea negotiations and at trial.  (Doc. 64).

The Sixth Circuit vacated and remanded the case, holding that the Court erred in denying defendant an opportunity to testify.  <u>Lanam v. United States</u>, 341 Fed. Appx. 105 (6th Cir. 2009).  The court of appeals said:

> We hold that the district court committed error requiring reversal by denying Lanam an opportunity to testify regarding his ineffective assistance of counsel claim at the § 2255 evidentiary hearing.  Therefore, we vacate the § 2255 judgment and remand with instructions that the district court allow petitioner to testify in a limited manner regarding his ineffective assistance of counsel claim.  On remand, the district court is instructed further to exercise its discretion to decide whether petitioner qualifies as an expert witness

regarding his claim as to the amount of loss and whether such evidence is relevant to his ineffective assistance of counsel claims.

Lanam, 314 Fed. Appx. at 107.

### III.  Evidentiary Hearing

On remand and following issuance of the mandate, (Doc. 85), the Court held an evidentiary hearing over three days, the first of which was on November 19, 2010. Phillip Degrand and defendant testified the first day, in summary, as follows:

• Degrand worked together with defendant during the time period of the intrusions. His time sheets showed that he was working with defendant on the days of the intrusions. He recalled nothing out of the ordinary in defendant's conduct. Particularly, he did not see defendant do anything which would have caused an unusual screen to pop up on the computer.

• Defendant's testimony can best be described as an account of what he would have testified to at trial had he taken the witness stand. Defendant acknowledged that it was his decision not to testify at trial.

Following the hearing, the Court wrote the parties on November 23, 2010, as follows:

> I have had another look at the record in this matter. I am not sure that the initial claims of the §2255 motion and what defendant currently argues are symmetrical. In any event, I suggest we have two (2) hearings ahead of us:
>
> 1. Questioning of Andrew Wise [trial counsel] regarding advice he gave defendant. In this connection, the government has the right to argue that Mr. Wise was fully questioned at the June 23, 2008, hearing.

      2.  The amount of the restitution. The Judgment ordered:

| | |
|---|---:|
| Timothy Goslin | $13,491.75 |
| Air Source One, Inc. | 8,488.07 |
| Keller Williams | 814.30 |
| | $22,794.12 |

The support for these amounts is reflected in the Probation Officer's letter of April 17, 2007 and attachments (enclosed).[1]

Attached to the letter was a detailed account by a probation officer of the compilation of the $22,794.12 ordered as restitution, attached to which were multiple documents supporting this compilation.

The evidentiary hearing continued a second day, on July 25, 2011. At that hearing:

- Defendant proffered the testimony of a computer expert, Adam Kelly, who would testify, according to his proffer, that a detailed study of the computers involved might have led to identifying the IP address of the intruder.

- Defendant again testified. Nothing of substance was elicited from defendant in either direct or cross-examination.

The evidentiary hearing concluded on a third day, October 18, 2011, at which defendant's trial counsel and defendant testified.

- Trial counsel's memory of trial preparation was vague. He could not recall the specifics of what defendant told him. He said that the defense was two-fold: someone other than the defendant was responsible for the intrusion, and that the

---

[1] Attached as Exhibit A is the Court's letter and the probation officer's letter, including the attachments.

damages suffered by each of the victims of each intrusion was less than $5,000.00.  Trial counsel also testified that defendant rejected an offer by the government to resolve the charges by a plea to a misdemeanor.  Defendant told counsel he wanted to go to trial.

- Defendant testified for the third time.  This time, defendant went through an analysis of the financial losses by the victims, and that such losses were overstated.  In cross-examination, defendant said that he did not enter into a misdemeanor plea because he was innocent.

There was no evidence offered that the government made any plea offer to the defendant pretrial.

In addition to the testimony at the evidentiary hearing, the parties filed several briefs.  See Docs. 94, 105, 106, 111, 113.

## IV.  Ineffective Assistance of Counsel

### A.

The Sixth Circuit set forth the legal standard as follows:

> To prevail [on a claim of ineffective assistance of counsel], petitioner must establish that his counsel's performance was "deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668,687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Petitioner must then demonstrate that he was prejudiced by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

Lanam, 341 Fed. Appx. at 108.

### B.

As to ineffectiveness pre-trial, the Court in its order denying defendant's § 2255 motion, found that defendant's claim of ineffective assistance of counsel pre-trial had no

merit, explaining in particular how defendant suffered no prejudice. (Doc. 55 at p. 9-10). This conclusion has not been altered based on the evidentiary hearing. The government is correct in its statement that

> . . .Lanam has offered nothing to cause the court to reconsider its earlier finding that the purported advice [of his trial counsel] was not critical to [his] decision to proceed to trial.

(Doc. 113 at p. 9).

### C.

As to ineffectiveness at trial, what defendant has endeavored to do is have the Court retry the case, and find that the evidence was insufficient to sustain the verdict. Again, as stated by the government in its brief, (Doc. 113 at p. 15-16), following a detailed recitation of the evidence presented at trial:

> In short, given the overwhelming evidence of Lanam's guilt at trial the defense did what it could under the circumstances. Damage proofs were vetted through rigorous cross examination of the witnesses and a third party defense was submitted. Lanam has simply failed to demonstrate how his lawyers at trial fell short of professional norms.

### V. Restitution

Lastly, as to the issue of restitution, the government's position "that issues of restitution are beyond the scope of the remand," is not quite correct. As stated by the court of appeals in remanding this case, the Court is required to decide

> whether petitioner qualifies as an expert witness regarding his claim as to the amount of the loss and whether such evidence is relevant to his ineffective assistance of counsel claim.

Lanam, 341 Fed. Appx. at 107.

The short answer to this directive is <u>no</u> and <u>no</u>.  Defendant is not an expert as to the amount of losses suffered by each of the victims as detailed in the Court's letter of November 23, 2010, and its attachments; also, neither defendant's trial counsel or his counsel now did or have done a sub-par job in contesting the amount of restitution.

Nothing in the three days of hearings suggests the amounts are in error.  The victim of a computer intrusion is entitled to claim as restitution the amount of the loss suffered.

At the hearing on defendant's motion for new trial, defendant's trial counsel testified as follows in cross-examination:

> Q. You know, Mr. Wise, is it not true that under the case law under 1030, computer intrusions, victims can recover any reasonable expense they incur as a consequence of an intrusion; isn't that true?
>
> A. I think that's a fair statement.
>
> Q. And that's a little more wider than the type of cases where you might have an expert testify as to what's recoverable; isn't that right?
>
> A. I really am not sure I know how to answer that question.  I don't think -- I mean it's true that it's not a -- there are certain –
>
> Q. If you don't know how to answer it, that's fine.  Why didn't you call an expert then?
>
> A. Well, my recollection was that before trial we had hired an expert.  We had actually hired one expert.  I had sent him the discovery materials from the case.  His preliminary review of that was that the types of expenses being claimed looked like they were within the realm of, you know, reasonable type expenses, and after that I didn't do much else with respect to the amount of loss.
>
> Q. So you had an expert tell you the damages were

>  reasonable; is that right?
>
>  A.    Yes.

(Doc. 52, transcript of hearing at p. 52-53).

Following the remand, defendant had ample opportunity to present alternative calculations of the losses suffered by the victims. The calculation of losses were the result of the detailed information garnered by the Probation Office and forwarded to the Court. While defendant takes issue with various items which make up the final restitution figures, he has not offered anything that suggests the Court erred in its acceptance of the calculation by the Probation Office.

## VI.  Conclusion

### A.

The Court was required to take a second look at the trial of this case and the jury finding the defendant guilty because of a mistake it made in the hearing on defendant's § 2255 motion, a mistake which the Court immediately recognized. However, because a claim of appeal had been filed, the Court had no jurisdiction to recall the case. Much time and effort could have been avoided if the parties had agreed to ask that the Sixth Circuit vacate the appeal, and remand the case to the trial court for consideration of defendant's testimony. Be that as it may, defendant has now had the opportunity to testify in support of his motion under § 2255 on his claim that he received ineffective assistance of counsel. Nothing in defendant's testimony or the supplemental evidence offered at the three days of hearings comes close to giving defendant the right to a second jury's consideration of the charges against him.

B.

Defendant's motion under 28 U.S.C. § 2255 (on remand) is DENIED.

SO ORDERED.

Dated: May 7, 2012                    S/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 7, 2012, by electronic and/or ordinary mail.

                                      S/Julie Owens
                                      Case Manager, (313) 234-5160