UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                           Case No. 06-20136

                                                 HONORABLE AVERN COHN

KIRK LANAM,

    Defendant/Petitioner.
_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY

I.

This is a criminal case. Defendant/Petitioner Kirk Lanam was convicted by a jury of three counts of computer intrusion, in violation of 18 U.S.C. § 1030(a)(5)(A)(I). Following his conviction, but prior to sentencing, defendant obtained new counsel. On November 15, 2007, defendant was sentenced to a custody sentence of 21 months imprisonment. As part of his sentence, defendant was ordered to make restitution in the amount of $22,794.12.

Defendant did not file a direct appeal. Rather, following entry of the judgment, (Doc. 33), defendant filed a motion under § 2255 essentially claiming ineffective assistance of trial counsel. Defendant also requested a hearing on the restitution calculation. (Doc. 35). The Court denied the motion (Doc. 55); the Court did not deal with the restitution calculation at the hearing. Defendant appealed the denial. (Doc. 56). The Court granted a certificate of appealability on two (2) issues: (1) whether the

Court erred in ruling that defendant could not testify at the evidentiary hearing conducted on his claim of ineffective assistance of counsel; and (2) whether defendant was denied the effective assistance of counsel during plea negotiations and at trial. (Doc. 64).

The Court of Appeals for the Sixth Circuit vacated and remanded the case, holding that the Court erred in denying defendant an opportunity to testify at the hearing on his motion. Lanam v. United States, 341 Fed. Appx. 105 (6th Cir. 2009). On remand and following issuance of the mandate, (Doc. 85), the Court held an evidentiary hearing over three days to consider whether defendant's trial counsel was ineffective and to afford defendant an opportunity to testify in this regard. Following the hearing and the filing of supplemental papers, the Court denied the motion on remand. (Doc. 114). Defendant has filed a notice of appeal. (Doc. 116).

II.

Before defendant can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a motion is rejected on the merits, "the petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040. In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

III.

Although the Court is satisfied that defendant is not entitled to relief under § 2255 for the reasons explained in the order on remand, reasonable jurists may disagree. Accordingly, a COA is GRANTED.

SO ORDERED.

Dated:  August 23, 2012          S/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 23, 2012, by electronic and/or ordinary mail.

                                 S/Julie Owens
                                 Case Manager, (313) 234-5160